
# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-15-776

| | |
|---|---|
| | **Opinion Delivered** JUNE 22, 2016 |
| SHELIA LEONA MOORE | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT |
| APPELLANT | [NO. CR-2011-47] |
| V. | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| STATE OF ARKANSAS | AFFIRMED; MOTION TO WITHDRAW GRANTED |
| APPELLEE | |

## DAVID M. GLOVER, Judge

This is a no-merit appeal from the revocation of Shelia Moore's probation and suspended sentence. In January 2011, Moore was charged in underlying Case No. CR-2011-47 with the offenses of possession of a controlled substance with intent to sell or deliver (a Class Y felony) and use or possession with intent to use drug paraphernalia (a Class C felony). In November 2011, she entered a negotiated plea for each count, receiving four years' probation on the Class C felony and four years' suspended imposition of sentence on the Class Y felony. The terms and conditions of her probation and suspended sentence included the requirement she cooperate with her probation officer and report to him or her as directed.

On January 10, 2014, the State filed a petition to revoke Moore's probation and suspended sentence, alleging she had violated her probation by failing 1) to pay fines, costs,

and fees as directed, 2) to report to her probation officer as directed, 3) to pay probation fees, and 4) to notify the sheriff and probation officer of her current address and employment. The petition was subsequently amended to include the allegations that she had twice tested positive for amphetamines and that she had an unexcused absence from drug class. Following the revocation hearing on May 27, 2015, the trial court concluded Moore had violated the terms and conditions of her probation and suspended sentence by failing to report to her probation officer as directed. She was sentenced to four years in the regional correction facility on the Class C felony and ten years' suspended imposition of sentence on the Class Y felony. This appeal followed.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Moore's counsel has filed a motion to withdraw alleging Moore's appeal is wholly without merit, along with a brief explaining that the only adverse ruling in this case is the revocation itself and that it is supported by sufficient evidence. The clerk of our court sent a copy of counsel's motion and brief to Moore at the correctional facility where she was residing, along with a letter informing her of her right to file pro se points for reversal. She did not file any points.

Our review of the record confirms the only adverse ruling was the revocation itself. The terms and conditions of Moore's probation and suspended sentence included the requirement that she cooperate with her probation officer and report to him or her as directed. Uncontroverted testimony from Jennifer Clements, Moore's probation officer, revealed: she was assigned to Moore's case on October 10, 2013; Moore had not reported to her previous probation officer since June 2013; Clements tried unsuccessfully to contact

SLIP OPINION

Moore several times in November and December 2013; she filed a violation report in January 2014, and a warrant was issued; Moore was arrested on the warrant in September 2014; and Moore was released but still did not report to Clements until December 16, 2014. The violation of only one condition is sufficient to support a revocation. *Josenberger v. State*, 2010 Ark. App. 243. The trial court's finding that Moore violated the terms and conditions of her probation and suspended sentence was not clearly erroneous, and there are no other adverse rulings. After our review of the record and counsel's brief, we find compliance with the requirements of Rule 4–3(k) and agree with counsel that an appeal in this case would be wholly without merit.

Affirmed; motion to withdraw granted.

HARRISON and VAUGHT, JJ., agree.

*Tyler C. Ginn*, for appellant.

No response.